# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY RAY ROBINSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-168** |
| **SHERIFF VERNON BOURGEOIS, JR., ET AL.** | **SECTION "J" (3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Anthony Ray Robinson, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. He named as defendants Sheriff Vernon Bourgeois, Jr., Major Lee Roy Lirette, Jr.,[1] Captain Claude Triche, Lieutenant Shane Schwausch, Deputy Thomas Clark, Deputy Jera Pikes, and other unidentified defendants.

On January 27, 2010, the Court issued an Order to notify plaintiff that the statement of his claims in the complaint was inadequate, in that it consisted of little more than a list of the defendants. The Court therefore ordered that, on or before February 12, 2010, plaintiff file an amended complaint including a short and plain statement of each claim asserted against each defendant.[2] That Order was subsequently returned to the Court by the postal service as undeliverable.[3]

---

[1] Lirette's given name is also referenced in the complaint as "LeRoy."

[2] Rec. Doc. 4.

[3] Rec. Doc. 6.

## Failure to State a Claim

Federal law requires that an *in forma pauperis* complaint filed by a prisoner be screened to ensure that, *inter alia*, the complaint states a claim upon which relief may be granted. For example, with respect to actions filed *in forma pauperis*, federal law provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted ...." 28 U.S.C. § 1915(e)(2)(B)(ii). Further, federal law likewise mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further provides: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915A(b)(1). For the following reasons, the Court finds that the complaint should be dismissed for failure to state a claim upon which relief may be granted.

> The United States Supreme Court has held:
>
> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." ... [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but *it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.*

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (emphasis added) (citations, quotation marks, and brackets omitted).

The Supreme Court has further held that a complaint fails to state a claim upon which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 129 S.Ct. at 1949 (citations and quotation marks omitted).

As noted in this Court's January 27 Order, plaintiff's statement of his claim in the complaint consists of little more than a list of the defendants. In fact, in its entirety, plaintiff's statement of his claim is as follows:

> Sheriff Vernon Bourgeois Jr. Warden
> Major LeRoy Lirette Jr.
> Captain Claude Triche Assistant Warden
> Thomas Clark - Jailer - for soliciting statements
> Jera Pikes - Jailer who didn't take shackles off
> John Does Lt. over shift day of accident
> and John Does on Medical Staff at time of incident.
> (Negligence Defendant's)[4]

---

[4] Rec. Doc. 1, p. 5.

Based on the above-cited jurisprudence, it is evident that plaintiff's statement of his claims falls far short of what is required to properly state a claim upon which relief may be granted. Moreover, because plaintiff's whereabouts are currently unknown, the Court has no way to contact him to have him cure this defect in his complaint. Accordingly, it is recommended that plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.

### Failure to Prosecute

Out of an abundance of caution, the Court further notes that, if the United States District Judge rejects the recommendation that the complaint be dismissed for failure to state a claim upon which relief may be granted, plaintiff's complaint is nevertheless still subject to dismissal on the alternative ground that he has failed to prosecute his claims.

This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 11.1E. The Local Rules further provide:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

Local Rule 41.3.1E.

More than thirty days ago, mail from this Court addressed to plaintiff at his address of record was returned by the United States Postal Service as undeliverable on February 4 and 5, 2010,[5] and an official of the Terrebonne Parish Criminal Justice Complex, plaintiff's address of record, has

---

[5] Rec. Docs. 5 and 6.

since confirmed that plaintiff is no longer incarcerated at that facility. Additionally, plaintiff has not notified this Court of his current address, despite declaring in his complaint: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[6] Because plaintiff has failed to meet that obligation, the Court has no way to advance this case on the docket.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail sent to plaintiff has been returned as undeliverable, and he has failed to provide the Court with his current address despite being aware of his obligation to do so. Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to schedule a conference in this matter or to otherwise advance

---

[6] Rec. Doc. 1, p. 6.

his case on the docket. Therefore, if the United States District Judge declines to dismiss the complaint for failure to state a claim upon which relief may be granted, it is alternatively recommended that the complaint be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** .

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this eleventh day of March, 2010.

 

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.